UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 20-04** |
| **ALEXANDER MCCRAE JONES** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendant Alexander McRae Jones's Motion for Early Termination of Supervised Release (Doc. 82).

On May 15, 2025, Defendant Alexander McRae Jones filed a motion requesting early termination of his term of supervised release. In May 2022, Defendant was sentenced to a term of 49 months imprisonment and four years' supervised release for distribution and possession with intent to distribute methamphetamine. Defendant has completed almost two years of his term of supervised release.

In his Motion, Defendant asks this Court to release him from further supervision. Defendant contends that he has been in full compliance with the terms of his supervision. Defendant asserts that he has maintained employment, but that his probation has posed difficulties for him and his

1

employer. This is supported by a letter from Defendant's employer that is attached to his Motion. The Government opposes Defendant's request.[1]

Pursuant to 18 U.S.C. § 3583(e), a district court may terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "The factors to be analyzed generally concern the nature of the offense, the defendant's history, public safety, and the deterrent effect."[2] The district court has broad discretion in considering requests for early termination of supervised release.[3] Courts have held that early termination "is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior."[4]

Here, Defendant has failed to identify any changed circumstances or extraordinary reasons warranting early termination of his supervised release. His and his employer's vague statements about difficulties that Defendant's probation pose is not enough to warrant the termination of his supervised release. Further, "[c]ompliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required."[5] Although the Court finds Defendant's rehabilitation laudable, he has completed less than half of his supervised release. The Court

---

[1] Doc. 84.
[2] United States v. Hayes, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013).
[3] United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).
[4] United States v. Jones, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013).
[5] United States v. Pitman, No. 9:18-CR-16, 2022 WL 2328868, at *2 (E.D. Tex. June 28, 2022).

finds that given the nature of Defendant's offense, continued supervision appropriately reflects the seriousness of his offense and satisfies the goals of public safety and deterrence.

To the extent that Defendant may seek a modification of the terms of his supervised release to reduce specific difficulties he is facing related to his employment, the Court would consider such a request if brought before it.

Accordingly;

**IT IS ORDERED** that early termination of supervision is not warranted, and Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 26th day of June, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**